IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-41-2H
No. 7:19-CV-192-H

DARWIN DIAL, JR.,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #105 and DE #106].[1] In his motion to vacate, petitioner also requested an extension of time to file a memorandum in support, [DE #105-1 at 1], which this court grants and considers the memorandum in support, [DE #108], herein. The government filed a motion to dismiss, [DE #121], to which petitioner responded, [DE #133]. This matter is ripe for adjudication.

## BACKGROUND

On September 11, 2017, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, (Count One). On December 6, 2017, petitioner was sentenced to a total

---

[1] As DE #106 is a duplicate filing of DE #105, the court will herein reference DE #105 as the motion to vacate.

term of imprisonment of 135 months, and petitioner's remaining charged offense was dismissed.[2] Petitioner appealed, [DE #72], and the Fourth Circuit Court of Appeals dismissed his appeal on the basis of his appeal waiver on June 21, 2018. [DE #92]. Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On September 23, 2019[3], Petitioner timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #105 and DE #106], arguing (1) "[c]onviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea;" (2) "[c]onviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure;" and (3) "denial of effective assistance of counsel." [DE #105 at 3-4]. Petitioner also contends the government committed prosecutorial misconduct by "breach[ing] the plea agreement by advocating for higher drug quantities th[a]n the plea agreement stipulated, and

---

[2] The dismissed count charged distribution of cocaine base (crack) (Count Two). [DE #1].
[3] Therefore, petitioner's judgment became final when the 90-day period for filing a certiorari petition expired. See Clay v. United States, 537 U.S. 522, 527 (2003) (citing Sup. Ct. Rule 13). The court applies the mailbox rule, noting petitioner's signature on his motion to vacate on September 19, 2019. [DE #105-1 at 1]. Therefore, this motion is construed as timely filed. See Houston v. Lack, 487 U.S. 266, 276 (1988) (under the 'prison mailbox rule' a pro se litigant's legal papers are considered filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); see also Hall v. Johnson, 332 F.Supp.2d 904, 907 n. 3 (E.D.Va. 2004) (date of signature used as actual filing date when date delivered to prison officials is not available).

2

the plea agreement was ambiguous." [DE #105 at 4]. As to ineffective assistance of counsel, petitioner contends "[c]ounsel was ineffective for failing to motion the court to suppress the evidence obtained from the warrantless search (wrong address on the warrant)." [DE #105 at 4]. Petitioner also requests an evidentiary hearing. [DE #133 at 1, 3, 7].

## COURT'S DISCUSSION

### I. Prosecutorial Misconduct for Alleged Breach of Plea Agreement

Petitioner contends the government committed prosecutorial misconduct by allegedly breaching the plea agreement in contravention of the stipulation. [DE #105 at 4]. Petitioner entered a guilty plea to count one of the indictment which charged conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack). However, there was no stipulation in the plea agreement as to drug weight. The parties stipulated to a downward adjustment for acceptance of responsibility, which was applied at sentencing. Therefore, this argument is without merit.

### II. Ineffective Assistance of Counsel by Failure to File a Motion to Suppress

#### a. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's

3

performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (citations omitted).

4

### b. Analysis

#### i. Allegedly Ambiguous Plea Agreement

As to petitioner's argument that the plea agreement was ambiguous, and that his guilty plea was unknowing and involuntarily entered[4], he has not alleged facts that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Petitioner has not shown that counsel's performance fell below the standard of reasonably effective assistance when the alleged "breach" had no basis in the terms of the plea agreement. Strickland, 466 U.S. at 687-88.

#### ii. Failure to File Motion to Suppress

As to petitioner's argument that counsel rendered ineffective assistance by failing to file a motion to suppress evidence found at a residence based on an allegedly incorrect street address, the court relies on the evidence established in the government's motion and presented at petitioner's detention hearing and sentencing hearing, and agrees with the government that petitioner has failed to show prejudice as the amount of marijuana found at the residence would not have impacted the guidelines calculation for petitioner. [DE #122 at 2, 7 n. 3, 12-13]. Therefore, this argument fails.

---

[4] The court notes petitioner made this argument by checking a box in his motion to vacate without further elaboration. [DE #105 at 3].

5

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #121], is hereby GRANTED, and petitioner's motion to vacate, [DE #105 and DE #106], is hereby DISMISSED. Petitioner's request for an evidentiary hearing is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 17th day of September 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

6

Case 7:17-cr-00041-H   Document 136   Filed 09/17/20   Page 6 of 6